IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DAVID WRIGHT, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>THE BERKLEY GROUP, INC., a Florida corporation,<br><br>  Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff David Wright brings this class action complaint against Defendant The Berkley Group, Inc. ("Defendant" or "Berkley Group") to stop Defendant's practice of making unsolicited telemarketing calls *en masse* that promise valuable consideration, such as a "free cruise," in exchange for answering a series of survey questions, and then not providing that consideration. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

  1. Defendant Berkley Group intentionally and systematically placed robo-calls to thousands of consumers nationwide under the pretense that it was conducting a public opinion poll on behalf of "Political Opinions of America." Defendant placed these phone calls using automatic dialing equipment without first obtaining consumers' prior express consent to do so. Through its calls, Defendant promised consideration, such as a free cruise, in exchange for call recipients answering a series of questions. However, Defendant's political polling front is little more than a bait and switch to acquire fees later in the call. The "results" of the political polling

1

are not shared or used in any manner, and serve no purpose but to keep consumers on the phone. In that vein, after consumers answer the questions, Defendant does not provide the promised consideration in any form.

2. By calling consumers without permission and by refusing to follow through on its agreement to provide consumers with promised consideration, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unauthorized calls to cell phones, breached its contract to provide a consideration such as a free cruise, and caused consumers actual harm by invading their privacy, deducting minutes from their respective wireless calling plans, and not providing consumers with the promised consideration or the value of the promised consideration. Defendant further caused harm because consumers frequently have to pay their cell phone service providers for the receipt of such wireless calls.

3. In order to address these injuries, Plaintiff now brings this class action on his own behalf and on behalf of a two classes of similarly situated individuals, seeking an injunction requiring Defendant to cease making unsolicited phone calls without express written consent, an award of statutory damages, and an award of actual, incidental, and consequential damages, together with costs and reasonable attorneys' fees.

## PARTIES

4. Plaintiff David Wright is a natural person and citizen of the State of North Carolina.

5. Defendant Berkley Group, Inc. is a corporation incorporated and existing under the laws of the State of Florida, with its primary place of business located at 3015 N Ocean Boulevard, Fort Lauderdale, Florida 33308. Defendant does business throughout the State of Florida and nationwide.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from any Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to the instant action.

8. Venue is proper in this District under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this District and Defendant has its primary place of business here.

## FACTS COMMON TO ALL COUNTS

9. Defendant is in the business of selling and promoting vacation timeshares, along with other travel products such as cruise trips.

10. In pursuit of increased sales, Defendant turned to a cheap and efficient method of reaching hundreds of thousands of consumers nationwide: mass robo-call telemarketing. Defendant acquired or randomly generated lists of phone numbers and dialed those phone numbers using automated dialing equipment. The numbers called by Defendant included both cellular telephone and landline numbers. Defendant placed the robo-calls from numerous telephone numbers with area codes from around the country.

11. Each call made by Defendant was done without authorization and without the prior express consent of the call recipient. Notably, such calls can actually cost their recipients money because cell phone users commonly must pay their respective wireless service providers either for the minutes spent on each call or incur a usage allocation deduction to their voice-calling plan, regardless of whether or not the call is authorized.

12. During each robo-call, Defendant identified itself as "Political Opinions of America" ("POA") and played a recording informing the call recipient that he or she would receive consideration, such as a "free cruise," in exchange for answering a series of political related questions such as "How would you rate the job that President Obama is doing?" However, these questions are only the first step in scheme to engage consumers, make them believe they will receive free goods or services as a result of answering survey questions, and eventually "upsell" them into paying additional fees to receive the products or services.

13. POA (Defendant) describes itself as working with "many of [sic] Non Profit and Political research organizations in conduction [sic] surveys and opinion polls on the nations top issues. POA is dedicated to provide [sic] accurate Political marketing research and information services using state of the art polling and survey methods. We believe citizens should have the right to voice their opinions on theses [sic] important issues."[1] To the contrary, Defendant's shell political polling company does not collect data or work with non-profit research organizations.

14. POA's website also describes its promotional methods: "In some of [sic] surveys conducted promotions and giveaways may be available on certain survey campaigns to offer additional incentives for survey takers. Some of the current programs include cruise and vacation offers as well as gift card giveaways."[2] The "incentives" are in fact the *only* reason for the call as the sales pitch related to the offers is the central avenue for Defendant to obtain fees from consumers.

15. The "free " offers made on each call are described as just that: free. The robo-call makes no mention of additional fees, requirements or steps, other than answering a series of

---

[1] http://www.politicalopinionsofamerica.org/
[2] http://www.politicalopinionsofamerica.org/

survey questions.  The call recipient is told that he or she is only required to answer the upcoming survey questions and thereafter will receive the promised consideration.

16. Once a consumer agrees to answer the questions in exchange for the consideration, and subsequently answers the questions, he or she does not receive the promised consideration; rather, he or she is subjected to various sales pitches aimed at obtaining fees. Accordingly, the entire phone call from the initial offer of free services, to the political questions, and finally the "upsells" seeking fees, are not real or legitimate offers or services, and are wholly fabricated by Defendant to deceive and obtain money from consumers.

17. Consumers who received robo-calls from Defendant did not, in any capacity, consent to receive phone calls, text messages, emails, or any other form of promotional advertising from Defendant. Instead, Defendant placed random calls from a purchased or randomly generated list of phone numbers without authorization.

18. Plaintiff Wright was one of thousands of consumers who repeatedly received unwanted telemarketing calls from Defendant. On or around May 2012, Plaintiff Wright received at least four calls from Defendant, including calls from phone number (360) 529-6912, on his cellular telephone. When Plaintiff answered the phone, he heard a robo-call promoting a free cruise in exchange for answering a series of questions.  The robo-call stated that the questions and call were on behalf of "Political Opinions of America." Plaintiff thereafter answered the provided questions and was transferred to a live operator allegedly located in Florida representing to be from "Caribbean Cruise Lines" who did not provide him with a free cruise.

19. Plaintiff never consented, in any form, to receive phone calls or be contacted in any manner by Defendant.

## CLASS ALLEGATIONS

20. Plaintiff David Wright brings this action pursuant to Fed. Civ. P. 23(b)(2) and (3) on behalf of himself and two classes of similarly situated individuals, defined as follows:

### TCPA Class

All individuals Defendant called on their cellular telephones for the purpose of conducting a survey.

### Breach of Contract Class

All individuals who received a telephone call from Defendant, answered survey questions in exchange for the promised consideration, and did not subsequently receive that consideration.

Excluded from the Classes are 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, and 4) the legal representatives, successors, or assigns of any such excluded person.

21. Upon information and belief, there are thousands of members of each Class such that joinder of all members is impracticable.

22. Common questions of law and fact exist as to all members of the Classes and such questions predominate over any questions affecting Plaintiff or individual members. Common questions for the Classes include but are not limited to:

    (a) whether Defendant's conduct violated the TCPA:

    (b) whether members of the TCPA Class are entitled to treble damages based on the willfulness of Defendant's conduct;

    (c) whether members of the TCPA Class provided prior express consent to

receive robo-calls from Defendant;

(d) whether Defendant utilized an automated dialing system in placing phone calls to members of the TCPA Class;

(e) whether Defendant's conduct of promising consideration in exchange for answering survey questions constitutes a contract between Plaintiff and Breach of Contract Class members on the one hand, and Defendant on the other;

(f) whether by not providing Plaintiff and members of the Breach of Contract Class with the promised consideration after they answer the survey questions constitutes a breach of contract.

23. Plaintiff will fairly and adequately protect the interests of the other members of the Classes, because his claims are typical of the other members of the Classes, and he has retained counsel competent and experienced in similar class action litigation.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Classes.

24. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Classes is impracticable, and (2) many members of the Classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the TCPA Class)

25. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

26. Defendant made unsolicited calls to a purchased or randomly generated list of wireless telephone numbers belonging to Plaintiff and other members of the TCPA Class. Defendant placed those calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27. The phone calls were made *en masse*—were often disconnected before being answered by the TCPA Class—and were all made without the prior express consent of Plaintiff and the other members of the TCPA Class.

28. Through its conduct described herein, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the members of the TCPA Class suffered an invasion of privacy and actual damages by, *inter alia*, having to pay their respective wireless carriers for the minutes spent on each call where applicable and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 for each such violation.

29. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the TCPA Class.

## COUNT II
**Breach of Contract**
**(On behalf of Plaintiff and the Breach of Contract Class)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. By and through its robo-calls to Plaintiff and Breach of Contract Class members, Plaintiff and Breach of Contract Class members entered into an enforceable contract with Defendant wherein Defendant promised to provide valuable consideration (in Plaintiff's case a free cruise) in exchange for answering a series of survey questions.

32. Plaintiff and Breach of Contract Class members entered into the contract in reliance on Defendant's promises and fully performed their contractual obligations by answering the survey questions.

33. Defendant failed to perform its contractual obligations in that it failed to provide the promised consideration after Plaintiff and Breach of Contract Class Members completed the survey questions (in Plaintiff's case, not providing him with a free cruise). From the outset, Defendant's over-the-phone statements constituted a false offer, through which Defendant never intended to provide Plaintiff and Breach of Contract Class Members with actual products or services.

34. Plaintiff and the Class have suffered actual harm and damages as a direct result of Defendant's breach in the form of not receiving the promised consideration, or the value of the the promised consideration, specifically in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Wright, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above; appointing Plaintiff David Wright as the Representative of the Classes; and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease making unsolicited phone calls without express written consent;

4. An award of reasonable attorneys fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

**Jury Demand**

Plaintiff requests trial by jury of all claims that can be so tried.

                                                  Respectfully submitted,

                                                  By: s/ *Scott D. Owens*
                                                      Scott D. Owens, Esq.
Dated:  May 25, 2012                          One of Plaintiff's Attorneys

Scott D. Owens
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
Scott@ScottDOwens.com

Rafey S. Balabanian (*Pro Hac Vice* application to be filed)
Benjamin H. Richman (*Pro Hac Vice* application to be filed)
Christopher L. Dore (*Pro Hac Vice* application to be filed)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com