IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 0:12-cv-61016-JAL

DAVID WRIGHT, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

THE BERKLEY GROUP INC., a Florida
corporation,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, The Berkley Group, Inc. ("Defendant"), by and through its attorneys, answers Plaintiff David Wright's Complaint, and states as follows:

### NATURE OF THE ACTION

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Plaintiff purports to bring a class action against Defendant seeking injunctive relief and damages. Defendant denies that a class can be certified and denies that Plaintiff is entitled to injunctive relief or any form of damages. Defendant denies the remaining allegations, if any, contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant is without knowledge and information sufficient to form a belief about whether a "substantial part of the events giving rise to the claims asserted herein occurred in this District", and therefore Defendant denies that allegation. Defendant admits that it has an office located in the Southern District of Florida. Defendant is without knowledge and information sufficient to form a belief about he truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTS COMMON TO ALL COUNTS

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in the first sentence of Paragraph 11 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 11 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in the second sentence of Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. Further answering, POA is not the same entity as Defendant, and POA's description of itself speaks for itself.

14. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in the first and second sentences of Paragraph 14 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in the first and second sentences of Paragraph 14 of Plaintiff's Complaint. Further answering, Defendant states that the content of POA's website speaks for itself. Defendant denies the allegations contained in the third sentence of Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

19. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## CLASS ALLEGATIONS

20. Defendant admits that Plaintiff purports to bring a class action, attempts to define two separate classes, and excludes certain individuals and entities from the claimed classes. Defendant denies that a class can be certified and denies that Plaintiff is entitled to injunctive relief or any form of damages. Defendant denies the remaining allegations, if any, contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

23. Defendant denies the allegations contained in the first sentence of Paragraph 23 of Plaintiff's Complaint. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 23 of Plaintiff's Complaint, and therefore Defendant denies the allegations contained in the second sentence of Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint. Further answering, Defendant did not make the alleged calls.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the TCPA Class)

25. Defendant incorporates and realleges its responses to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## COUNT II
### Breach of Contract
### (On behalf of Plaintiff and the Breach of Contract Class)

30. Defendant incorporates and realleges its answers to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate. Without conceding that it bears the burden of proof as to any of these defenses, Defendant alleges the following affirmative defenses to the claims set forth in Plaintiff's Complaint.

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify that calls were made to his cellular telephone and failure to request that the calls cease.

### Third Affirmative Defense

Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff, for whom Defendant is not responsible and over whose activities Defendant exercises no control and/or has no right to control.

### Fourth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims may be barred by the doctrine of ratification.

### Eighth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of collateral estoppel.

### Ninth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of *res judicata*.

### Tenth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of waiver.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred by the exceptions provided under the TCPA, including, but not limited to, the political purpose exception.

### Twelfth Affirmative Defense

Plaintiff's claims may be barred by his consent to be called on his cellular telephone.

### Thirteenth Affirmative Defense

Plaintiff's claims may be barred by the applicable statute of limitations.

### Fourteenth Affirmative Defense

Plaintiff did not suffer any actual damages.

### Fifteenth Affirmative Defense

Plaintiff has failed to join necessary parties.

### Sixteenth Affirmative Defense

To the extent a contract exists between Plaintiff and Defendant, Plaintiff did not perform his obligations under the contract.

### Seventeenth Affirmative Defense

Defendant complied with all applicable statutory, regulatory, and common law requirements, and accordingly Plaintiff's claims are barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred because the imposition on Defendant of statutory damages under the TCPA would violate the Due Process provisions of the United States Constitution.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred because Defendant did not use an "automatic telephone dialing system" as defined under the provisions of the TCPA.

### Twentieth Affirmative Defense

Plaintiff's claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

### Twenty-First Affirmative Defense

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.

### Twenty-Second Affirmative Defense

Defendant did not make the alleged calls and did not authorize any individual or entity to make the alleged calls and did not control the manner and means by which the alleged calls were made.

## Twenty-Third Affirmative Defense

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendant incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

WHEREFORE, Defendant, The Berkley Group, Inc., requests that this Court enter judgment is in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all costs and fees incurred herein, and order all other relief this Court deems just and appropriate.

Dated: July 13, 2012

Respectfully submitted,

/s/ R. Eric Bilik
R. Eric Bilik (Fla. Bar No. 0987840)
ebilik@mcguirewoods.com
Emily Y. Rottmann (Fla. Bar No. 93154)
erottmann@mcguirewoods.com
MCGUIREWOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, FL  32202
Telephone:  (904) 798-3200
Facsimile:  (904) 798-3207

and

*Of Counsel*

David L. Hartsell
dhartsell@mcguirewoods.com
Brian P. O'Meara
bomeara@mcguirewoods.com
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL  60601-1818
Telephone: (312) 849-8100
Facsimile:  (312) 849-3690

*Attorneys and Trial Counsel for Defendant
The Berkley Group, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system on this 13th day of July, 2012. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF.

Scott D. Owens, Esq.
Scott@ScottDOwens.com
Law Office of Scott D. Owens, Esq.
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

*Attorneys and Trial Counsel for Plaintiff David Wright*

Rafey S. Balabanian, Esq.
rbalabanian@edelson.com
Benjamin H. Richman, Esq.
brichman@edelson.com
Christopher L. Dore, Esq.
cdore@edelson.com
Edelson McGuire LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys and Trial Counsel for Plaintiff David Wright*

                                                  /s/ R. Eric Bilik
                                                       Attorney

\40569456.2