UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID WRIGHT, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

v.

THE BERKLEY GROUP, INC. a Florida corporation,

    Defendant.

Case No. 12-CV-61016

The Honorable Robin S. Rosenbaum

## INTERIM JOINT STATUS REPORT

Pursuant to the Court's August 22, 2012 Scheduling Order and Order of Referral to Mediation (the "Scheduling Order"), Plaintiff David Wright ("Wright" or "Plaintiff") and Defendant The Berkley Group, Inc. ("Defendant") (collectively the "Parties") jointly submit this Interim Joint Status Report (the "Report"), and state as follows:

**A.**    **Service on Defendant**

Plaintiff filed his putative class action Complaint against Defendant on May 25, 2012, alleging that Defendant's practice of making unsolicited telemarketing calls *en mass* to consumers nationwide constituted a breach of contract and violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Dkt. 1.)

Defendant was served on June 8, 2012. (Dkt. 4.) While The Berkley Group, Inc. is currently the only named Defendant in this Action, based on Defendant's Initial Disclosures, and various communications between counsel for Plaintiff and Defendant, Plaintiff believes that it

1

will be necessary to amend the Complaint in order to join at least one additional defendant. Specifically, on August 27, 2012, Plaintiff propounded his First Set of Interrogatories, First Set of Request for Production and First Set of Requests to Admit ("Discovery Requests") on Defendant seeking further information about, *inter alia*, third parties who may potentially be involved in the challenged conduct. Subsequently, Defendant requested, and Plaintiff agreed to extend the deadline to respond to Plaintiff's Discovery Requests until October 15, 2012.[1] As a result, on September 18, 2012, the Parties filed a Joint Motion for Extension of Time to Amend Pleadings and Join Additional Parties (Dkt. 25), which the Court granted on September 20, 2012, and the deadline to add additional parties is now set to October 28, 2012. (Dkt. 26.) As such, Plaintiff will determine whether and what additional parties should be joined to this Action after reviewing Defendant's discovery responses, file an amended complaint no later than the revised October 28, 2012 deadline, and serve any additional parties as necessary.

**B.     Response to Complaint**

On July 13, 2012, Defendant filed its Answer and Affirmative Defenses, denying that it engaged in any unlawful conduct and stating that "Defendant did not make the alleged calls." (Dkt. 11.) As stated above, in light of Defendant's Answer and Initial Disclosures, and after review of Defendant's discovery responses, Plaintiff will mostly likely amend his Complaint to add at least one additional defendant before the October 28, 2012 deadline.

**C.     Status of Class Certification**

Plaintiff has not yet moved for class certification and his deadline to file is currently set for December 7, 2012. However, because there is a significant likelihood that Plaintiff will need to join additional parties to this Action, and because Plaintiff has agreed to extend Defendant's

---

[1] As discussed *infra*, in Section F, Plaintiff has agreed to extend Defendant's deadline to respond or object to Plaintiff's Request to Admit until November 5, 2012.

deadline to respond to Plaintiff's discovery, the Parties agree that Plaintiff's deadline to file his motion for class certification should be extended.

In that light, the Parties have filed a Joint Motion to Extend the Scheduling Deadlines ("Joint Motion") concurrently with this Report requesting that the Court amend the deadlines set forth in the August 20, 2012 Scheduling Order, including Plaintiff's deadline to move for class certification. While the need to amend the deadlines is more fully addressed in the Parties' Joint Motion, for the convenience of the Court, the Parties have attached a copy of the Joint Proposed Modified Scheduling Timeline to this Report as Exhibit A.

D. **Identification of Mediator and Status of Mediation**

The Parties have not yet agreed on and selected a mediator, or agreed upon a place, date and time for mediation at this time. The Parties' deadline to file a proposed order scheduling mediation is November 14, 2012, and the Parties intend to discuss, agree on, and file their proposed order by the deadline.

E. **Informal Settlement Negotiations**

The Parties have not yet engaged in formal or informal settlement negotiations. The Parties agree, however, to discuss the possibility of settlement amicably and in good faith in the future.

F. **Status of Discovery**

The Parties exchanged initial disclosures on August 20, 2012, as required by Federal Rule of Civil Procedure 26(a). As stated above, Plaintiff has also served Defendant with written discovery in the form of interrogatories, requests for production, and requests to admit. Defendant will respond and/or object to Plaintiff's Interrogatories and Request for Production no later than October 15, 2012. Defendant will respond and/or object to Plaintiff's Request to Admit

3

by November 5, 2012, unless Plaintiff decides to amend his Requests to Admit based on Defendant's responses to his Interrogatories and Request for Production. After Defendant responds to Plaintiff's Discovery Requests, Plaintiff intends to issue deposition notices to Defendant and various third-party companies that Plaintiff believes were involved in making the unsolicited telemarketing calls to consumers.

The current deadlines to complete class and merits discovery are November 16, 2012 and May 10, 2013, respectively. As stated above, in light of the fact that Defendant's discovery responses are not due until October 15, 2012, and Plaintiff believes that it will be necessary to join at least one additional party, the Parties do not believe that they will be able to complete either class or merits discovery by the currently scheduled deadlines and that good cause exists to amend the Court's Scheduling Order.

**G.     Additional Issues**

The Parties agree that there are no other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set that have not been previously addressed by this Report.

Dated: October 8, 2012                    Respectfully submitted,

                                                        By:    /s/ Rafey S. Balabanian
                                                           Rafey S. Balabanian (*Pro Hac Vice*)
                                                           Eve-Lynn J. Rapp (*Pro Hac Vice*)
                                                           EDELSON MCGUIRE LLC
                                                           350 North LaSalle, Suite 1300
                                                           Chicago, Illinois 60654
                                                           Tel: (312) 589-6370
                                                           Fax: (312) 589-6378
                                                           rbalabanian@edelson.com
                                                           erapp@edelson.com

                                                           Scott D. Owens (Fla. Bar No. 0597651)

        Law Office of Scott D. Owens, Esq.
        664 E. Hallandale Beach Boulevard
        Hallandale, Florida 33009
        Scott@ScottDOwens.com

        *Attorneys for Plaintiff and the putative class*

Dated: October 8, 2012        Respectfully submitted,


By:   /s/ Brian P. O'Meara
     Brian P. O'Meara (*Pro Hac Vice*)
     McGuire Woods, LLP
     77 West Wacker Drive, Suite 1400
     Chicago, Illinois 60601
     Tel: (312) 849-8100
     Fax: (312) 849-3690
     bomeara@mcguirewoods.com

     R. Eric Bilik (Fla. Bar No. 0987840)
     Emily Y. Rottman (Fla. Bar No. 93154)
     McGuire Woods, LLP
     50 North Laura Street, Suite 3300
     Jacksonville, Florida 32202
     Tel: (904) 798-3200
     Fax: (904) 798-3207
     ebilik@mcguirewoods.com
     erottmann@mcguirewoods.com

     *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I, Scott D. Owens, an attorney, hereby certify that, on October 8, 2012, I caused the foregoing Joint Interim Status Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

                                                  /s/ Scott D. Owens